```
                     UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF KENTUCKY
                          LOUISVILLE DIVISION


UNITED STATES OF AMERICA,      )    Case No. 3:18-CR-00073-DJH
                               )
         Plaintiff,            )
                               )
v.                             )
                               )
RODNEY D. BLAKEY, JR.,         )
                               )         January 28, 2019
         Defendant.            )         Louisville, Kentucky


                             * * * * *

                 TRANSCRIPT OF SENTENCING HEARING
                BEFORE HONORABLE DAVID J. HALE
                   UNITED STATES DISTRICT JUDGE

                             * * * * *

APPEARANCES:

For United States:         Larry E. Fentress
                           U.S. Attorney's Office
                           717 West Broadway
                           Louisville, KY 40202

For Defendant:             Scott C. Cox
                           Cox & Mazzoli, PLLC
                           600 West Main Street, Suite 300
                           Louisville, KY 40202

[Defendant present.]



                     Dena Legg, RDR, CRR, CCR-KY
                       Official Court Reporter
                         232 U.S. Courthouse
                        Louisville, KY 40202
                            (502) 625-3778


Proceedings recorded by mechanical stenography, transcript
produced by computer.
```

1       (Begin proceedings in open court at 1:44 p.m.)
2              DEPUTY CLERK:  3:18-CR-73, United States of America
3    versus Rodney Blakey.
4              MR. FENTRESS:  Good afternoon, Your Honor.  Larry
5    Fentress for the United States.
6              MR. COX:  Good afternoon, Judge.  Scott Cox on behalf
7    of Mr. Blakey.  He's present, coming around.
8              THE COURT:  And, Mr. Cox, have you-all had sufficient
9    time to go through the presentence investigation report?
10             MR. COX:  Yes, sir.
11             THE COURT:  And let's start then with the offense
12   level computation, which begins on page 4 of the report.  The
13   base offense level here is a 30 under 2D1.1.  There are no
14   adjustments, except for application of the acceptance of
15   responsibility credits, resulting in a total offense level of
16   27, and that's against a Criminal History Category of II, but
17   there is a statutory mandatory minimum here of 120 months, which
18   the guidelines incorporate.  Have I stated the calculations
19   correctly?
20             MR. FENTRESS:  Yes, Your Honor, you have.
21             MR. COX:  Yes, Your Honor.
22             THE COURT:  And so are there any objections to take up
23   to the report?
24             MR. COX:  No, sir.
25             MR. FENTRESS:  No, sir.

```
 1                    THE COURT:  Any motions to take up?
 2                    MR. FENTRESS:  No, sir.
 3                    MR. COX:  No, sir.
 4                    THE COURT:  Well, then I will adopt without objection
 5       the PSR.  It will be filed in the record under seal.  In the
 6       event of an appeal, the parties, court, and counsel will have
 7       access to it.
 8              Any other issues for consideration under 3553?
 9                    MR. COX:  Yes, Your Honor, just very briefly.  As you
10       know, the sentencing guidelines are -- I consider them to be
11       significantly less than the mandatory minimum sentence, so we
12       would ask the court to impose a sentence at that minimum of 120
13       months.
14              Mr. Blakey was on diversion in Jefferson Circuit Court when
15       this offense was committed, but other than that, I don't think
16       he has really any significant criminal history at all.
17              He has an admirable work history, however.  He has worked
18       almost for 20 years at Wendy's, either full or part time, and
19       has worked at several different Wendy's, I think some owned by
20       Junior Bridgeman and received a lot of training.  He's actually
21       a natural cook and he's hopeful to learn some culinary skills in
22       custody and someday, you know, be a chef at a restaurant, maybe
23       even have his own restaurant.
24              He couldn't be a nicer person.  As you can see from behind
25       me, he has a really wonderful family who -- they love him
```

1  dearly.  They support him.  And when he's released, he'll be
2  back, you know, with them and I don't think he'll re-offend,
3  Your Honor.  So I'm hopeful that you'll agree 120 is more than
4  enough to satisfy the factors of 3553(a).
5         MR. FENTRESS:  And that is our recommendation, Your
6  Honor.  That is the minimum statutory mandatory sentence.
7         THE COURT:  Does Mr. Blakey wish to speak now, which
8  is his right of course?
9         THE DEFENDANT:  No thank you, Your Honor.
10        THE COURT:  Very well.  If there's nothing else to
11 take up, are counsel ready for me to state the sentence?
12        MR. COX:  Yes, sir.
13        MR. FENTRESS:  Yes, sir.
14        THE COURT:  Having considered the advisory sentencing
15 guidelines and the factors set out at 18 U.S.C. 3553(a), as well
16 as the statute at issue here, 21 U.S.C. Section 841, I will
17 impose the following sentence:
18    It is the judgment of the court that the defendant, Rodney
19 Blakey, is committed to the custody of the Bureau of Prisons for
20 a term of 120 months as to Count 1 in the indictment.
21    Upon release from imprisonment, Mr. Blakey shall be placed
22 on supervised release for a term of five years as to Count 1.
23 He shall abide by the standard conditions of supervision adopted
24 by the court, as well as the special conditions, a copy of which
25 has been provided to the defendant and counsel.  These special

1    conditions include a search condition and substance abuse
2    treatment and testing, and they will be explained further to
3    Mr. Blakey by the U.S. Probation Office.
4        The defendant is required to pay a special penalty
5    assessment fee of $100 as to the single count of conviction.
6    This financial sanction shall be paid in accordance with a
7    schedule of payments page, which will be contained in the
8    judgment.
9        Restitution is not an issue in this case, and I am waiving a
10   fine and the cost of investigation, prosecution, incarceration,
11   and supervision due to the defendant's inability to pay.
12       I have considered the nature and circumstances of this
13   offense, which involves a significant amount of methamphetamine.
14   I've also considered the history and characteristics of the
15   defendant, and it is correct, as Mr. Cox has pointed out, that
16   Mr. Blakey has a relatively light criminal history and many
17   positive characteristics detailed in the presentence
18   investigation report.  But I do have to note, as Mr. Cox did,
19   that the offense here was committed while Mr. Blakey was on a
20   five-year term of pretrial diversion after being charged with
21   trafficking in state court.
22       With the application of the mandatory minimum sentence at 21
23   U.S.C. 841(b)(1)(A), the advisory guidelines produce a total
24   offense level here of 27 against a Criminal History Category of
25   II, resulting in advisory guideline ranges of 120 months'

1   custody, 25,000 to $10 million fine, and a five-year term of
2   supervised release.
3       A sentence of 120 months' custody, followed by five years'
4   supervised release, falls within the guideline range and is
5   sufficient to comply with the purposes set forth in Section
6   3553(a)(2) and satisfies statutory provisions, including Section
7   841.
8       I conclude that this sentence, which is driven by the
9   mandatory minimum sentence at 21 U.S.C. 841(b)(1)(A) reflects
10  the seriousness of the offense, and a sentence of this
11  substantial length should hopefully act as a deterrent.
12      Are there any objections to the sentence that I've just
13  announced or the special conditions imposed which have not
14  previously been raised?
15          MR. FENTRESS:  No, Your Honor.
16          MR. COX:  No, Your Honor.
17          THE COURT:  We need now to talk about Mr. Blakey's
18  appeal rights.
19      Mr. Blakey, you can appeal your conviction if you believe
20  your guilty plea was somehow unlawful, or involuntary, or if
21  there's some other fundamental defect in the proceedings that
22  was not waived by your guilty plea.
23      You also have a statutory right to appeal your sentence
24  under some circumstances, particularly if you think the sentence
25  is contrary to law.

        Any notice of appeal must be filed within 14 days of the entry of judgment or within 14 days of the Government's notice of appeal.

        If requested, the clerk of court can assist you in filing your notice of appeal; and if you cannot afford the fee associated with the appeal, you may ask that it be waived; and if you cannot afford counsel on appeal, you may ask that counsel be appointed to represent you free of charge.

        Do you understand these rights as I've outlined them to you?

        THE DEFENDANT: Yes, sir.

        THE COURT: Mr. Cox, anything further with respect to your client's Rule 32 rights that we need to cover?

        MR. COX: No, Your Honor.

        THE COURT: Any requests for recommendation to be included in the judgment?

        MR. COX: Yes, sir, two different matters, please.

    First of all, as you can see from the paragraph 46 on page 11, his history of substance abuse, he's never received any treatment for that and, frankly, I believe had an opioid addiction when he was arrested in this case, and I know he detoxed in the Oldham County jail. So we would ask the court to make a recommendation in the judgment and commitment order that he be considered to participate in the RDAP program.

        And, secondly, as you also know from the presentence report, he does -- he is diabetic and he also had a pretty significant

1   health issue while he was in the jail, as you recall, and I
2   think he would be an excellent candidate to serve his time at
3   the Federal Medical Facility in Lexington.  If you would
4   recommend FMC Lexington in the J&C, that would be great.
5               THE COURT:  Well, as to the first request, I do
6   recall -- and I spent a fair amount of time reviewing this
7   particular PSR, and I do recall the reference that you make.  I
8   think the RDAP program is appropriate.
9       Mr. Blakey, I want you to understand, all I can do with
10  respect to those types of programs is recommend.  The law does
11  not give me the authority to order the Bureau of Prisons to
12  place you in any particular program or for that matter any
13  particular facility.
14      However, I will recommend that you be considered for
15  participation in the residential drug abuse program.  It appears
16  to me you would be a good candidate for that, based on your
17  history, the offense here, and your particular addiction issues.
18      I will tell you, it is a substantial program over an
19  extended period of time, and if you are afforded the opportunity
20  to enter the program, I would ask you to give it your very best
21  effort to take full advantage of the program, not just for the
22  sake of the reward with respect to your time to be served, but
23  also because it has a record of accomplishment.  It's a program
24  that does appear to actually produce good results in terms of
25  the participants being impacted.  Those going into the program

1    who have been impacted by drug abuse come out with a new lease
2    on life, and so I would recommend it to you.  I will put that in
3    the judgment.
4        I don't typically recommend specific institutions, and the
5    reason is because the Bureau of Prisons advises us sentencing
6    judges that it does no good.  What they say is that we should
7    advise -- we should recommend programs -- consideration of
8    programs and issues such as proximity to home.  So what I will
9    do is I will recommend that his medical condition be evaluated
10   for proper placement and that he also be considered for
11   placement as close to his home here in Louisville as possible.
12       Now, those two recommendations may very well add up to
13   Lexington, FMC Lexington, since it is the closest medical
14   facility.  But, again, as a practical matter, Mr. Blakey, even
15   if I were to put in there, "I recommend that you be sentenced --
16   or that you be placed in FMC Lexington," the Bureau of Prisons
17   does not have to follow that recommendation, and so I try and be
18   a little more effective in following their recommendations on
19   how to write up the judgment.  So that's how I'll do it, unless
20   you have some other request or some other information to be
21   included.
22           MR. COX:  I guess I've always considered -- I'm sure
23   you did too as the United States attorney -- that this district
24   has some hospitals in it, and the Eastern District has the
25   prisons.  And I had a case with Judge Reeves, I guess a month

1  ago, kind of similar to this, and he recommended in the J&C that
2  my client be designated to FMC Lexington to be evaluated.  And
3  then apparently once they get there to be evaluated, they
4  generally keep them.
5      So when you put in the J&C about evaluating his medical
6  needs, if you would -- if you would put "recommending FMC
7  Lexington," I think it would increase the odds that he would go
8  there.
9          THE COURT:  They tell me -- I am reliably informed by
10 BOP officials that have appeared on numerous occasions at
11 judicial conferences that that does not matter, because the
12 statutes and regs that give them the authority at their
13 assignment center to crunch all of the numbers and factors and
14 determine an appropriate placement, they simply don't -- they're
15 not able to accommodate specific recommendations from sentencing
16 judges, but I will put in there that he be evaluated for proper
17 placement, given his medical condition.
18      Anything else from the United States?
19         MR. FENTRESS:  Nothing further, Your Honor.  Thank
20 you.
21         THE COURT:  Let me just offer this parting thought,
22 Mr. Blakey.  Mr. Cox is correct, your criminal history is
23 relatively light and your work history is very positive.  You
24 come to this very unfortunate day with a number of positive
25 characteristics and this is a significant sentence.  It is not

1  one that I had any discretion with.  The statute that drives
2  this sentence is not one that I can simply ignore, and I know
3  Mr. Cox has already gone over that with you.
4      So it is an unfortunate day for you in many respects, but
5  because you do have these many positive characteristics and the
6  skills that Mr. Cox has outlined and because you do have the
7  support of family members, I believe that you can overcome over
8  the long haul and you can put those many characteristics to
9  work.  And that's why I said earlier I'm going to recommend --
10 it will be the first thing I recommend -- that you be evaluated
11 for participation in the RDAP program.  And so I would just
12 encourage you to take full advantage of that and any other
13 program that is offered to you while you are incarcerated for
14 your benefit and in the short run as well as once you are
15 released.
16     It is my hope that with the support of your family, that
17 down the road I will hear only reports of your overcoming this
18 difficulty, only reports of your improvement and success down
19 the road, and so I wish you and your family well in that
20 respect.  Thank you.  We'll take a break before the next
21 hearing.
22     (Proceedings concluded at 2:00 p.m.)
23
24
25

12

1      C E R T I F I C A T E

2      I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM

3   THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

4

5

6   _____s/Dena Legg_____        _May 14, 2019_
    Certified Court Reporter No. 20042A157    Date
    Official Court Reporter

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25